UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

CASE NO.:

STEVEN LAMONT MARKOS,

    Plaintiff,

v.

HBCU CONNECT, LLC, WILLIAM MOSS III, AND MOSS INTERACTIVE, LLC,

    Defendants.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff STEVEN LAMONT MARKOS by and through his undersigned counsel, brings this Complaint against Defendants HBCU CONNECT, LLC, WILLIAM MOSS III, AND MOSS INTERACTIVE, LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff STEVEN LAMONT MARKOS ("Markos") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Markos' original copyrighted Work of authorship.

2. Markos owns and operates the website, National Park Planner, www.npplan.com. Markos started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

3. Defendant HBCU CONNECT, LLC ("HBCUC") is a networking site for students and alumni from historically black colleges and universities. At all times relevant herein,

HBCUC owned and operated the internet website located at the URL https://hbcuconnect.com/ (the "Website").

4. Defendant MOSS INTERACTIVE, LLC ("MI,LLC") is the registrant organization for the website.

5. Defendant William Moss III ("Moss") is the chief executive officer and owner of both HBCUC and MI,LLC as well as the registrant of the website.

6. Defendants HBCUC, Moss, and MI,LLC are collectively referred to herein as "Defendants."

7. Markos alleges that Defendants copied Markos' copyrighted Work from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

8. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

9. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

10. Defendants are subject to personal jurisdiction in Ohio.

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

SRIPLAW
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ TENNESSEE ♦ NEW YORK

**DEFENDANTS**

12. HBCU Connect, LLC is a Ohio Corporation, with its principal place of business at 750 Cross Pointe Road, Suite Q, Columbus, OH 43230, and can be served by serving its Registered Agent, William R Moss III, 7846 Grandlin Park Court, Blacklick, OH 43004.

13. William Moss III is an individual residing in Franklin county, state of Ohio and can be served at 7846 Grandlin Park Court, Blacklick, OH 43004.

14. Moss Interactive, LLC is a Ohio Limited Liability Company, with its principal place of business at 306 Silver Maple Drive, Blacklick, OH 43004, and can be served by serving its Registered Agent, William R Moss III, 7846 Grandlin Park Court, Blacklick, OH 43004.

**THE COPYRIGHTED WORK AT ISSUE**

15. In 2018, Markos created the photograph entitled "Tuskegee-Institute-43", which is shown below and referred to herein as the "Work".



16. At the time Markos created the Work, Markos applied copyright management information to the Work consisting of the copyright symbol and the words "2018 Steven L. Markos"

17. Markos registered the Work with the Register of Copyrights on November 6, 2018 and was assigned the registration number VA 2-127-940. The Certificate of Registration is attached hereto as Exhibit 1.

18. Markos' Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

19. At all relevant times Markos was the owner of the copyrighted Work at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

20. Defendants have never been licensed to use the Work at issue in this action for any purpose.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendants copied the Work.

22. On or about February 3, 2021, Markos discovered the unauthorized use of his Work on the Website on an article discussing a recent donation made to the Tuskegee University.

23. Defendants copied Markos' copyrighted Work without Markos' permission.

24. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their networking site.

25. Defendants copied and distributed Markos' copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

26. Markos' Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

27. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

28. Markos never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

29. Markos notified Defendants of the allegations set forth herein on April 15, 2021 and May 3, 2021. To date, Defendants have failed to respond to Plaintiff's Notices. Copies of the Notices to Defendants are attached hereto as Exhibit 3.

30. When Defendants copied and displayed the Work at issue in this case, Defendants removed Markos' copyright management information from the Work.

31. Markos never gave Defendants permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

32. Markos incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Markos owns a valid copyright in the Work at issue in this case.

34. Markos registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Markos' authorization in violation of 17 U.S.C. § 501.

36. Defendants performed the acts alleged in the course and scope of its business activities.

37. Defendants' acts were willful.

38. Markos has been damaged.

39. The harm caused to Markos has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

40. Markos incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Work at issue in this case contains copyright management information ("CMI").

42. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

43. Defendants committed these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

44. Defendants caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of Markos' rights in the Work at issue in this action protected under the Copyright Act.

45. Markos has been damaged.

46. The harm caused to Markos has been irreparable.

WHEREFORE, the Plaintiff Steven LaMont Markos prays for judgment against the Defendants HBCU Connect, LLC, William Moss III, and Moss Interactive, LLC that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 15, 2022                Respectfully submitted,

/s/ *John D. Gugliotta*
JOHN D. GUGLIOTTA
Ohio Bar Number: 62809
johng@inventorshelp.com

**GUGLIOTTA & GUGLIOTTA, LPA**
3020 West Market Street
Fairlawn, OH  44333
330.253.2255 – Telephone
330.253.6658 – Facsimile

*Counsel for Plaintiff Steven Lamont Markos*